UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

WILLIE WATERS,

    Plaintiff,

v.                                    Case No: 5:20-cv-241-Oc-39PRL

COLEMAN MEDICAL DEPT.,
et al.,

    Defendants.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, Willie Waters, a federal inmate proceeding pro se, initiated this action by filing a Bivens[1] complaint against the following Defendants at the United States Penitentiary, Coleman II: Coleman Medical Department, Dr. Li, Jeanette Miranda, and Joshua Henderson (Doc. 1; Compl.). Plaintiff moves to proceed in forma pauperis (Doc. 2).

Plaintiff asserts his claims arise under the Eighth Amendment. Compl. at 3. He alleges Defendant Miranda, a family nurse practitioner, "forgot about [him]" when an officer referred Plaintiff for a medical call-out after he complained of "acute chest pains," which began in early August 2019.[2] Id. at 5. On

---

[1] Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

[2] Plaintiff alleges he was in the hospital on August 9, 2019, and, upon discharge the following day, was told to follow up in two weeks. Compl. at 4. Plaintiff said the two-week follow-up was

September 11, 2019, someone (Plaintiff does not say who) told Plaintiff there was nothing wrong. Id. On September 30, 2019, Defendants Li and Henderson noticed Plaintiff had an infection in his chest, and they apparently attempted to "remove the infectious agent," though they were unable to do so. Id. Thereafter, on October 3, 2019, Plaintiff had a successful surgery to remove the object left in his chest by medical staff at the hospital. Id. Plaintiff complains that between August 10, 2019, and October 30, 2019, he was not provided pain medication. Id. Plaintiff asserts he has excessive scarring from the "botched" surgery by Defendants Li and Henderson. Id. As relief, he seeks two million dollars in compensatory damages and one million dollars in punitive damages. Id.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B). With respect to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the

---

"denied," though he does not say by whom. Apparently, when Plaintiff was discharged, he had a foreign object inside his chest. Id. at 5. Plaintiff does not say why he was hospitalized, nor does he allege he or Defendants knew there was a foreign object in his body when he returned to the correctional institution.

same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quotations, alteration, and citation omitted).

Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted). In reviewing a pro se plaintiff's pleadings, a court must liberally construe the plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). However, the duty of a court to construe pro se pleadings liberally does not require the court to serve as an attorney for the plaintiff. Freeman v. Sec'y, Dept. of Corr., 679 F. App'x 982, 982 (11th Cir. 2017) (citing GJR Invs., Inc. v. Cty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)).

3

Plaintiff's complaint is subject to dismissal under this Court's screening obligation because he fails to "state a claim to relief that is plausible on its face." See Iqbal, 556 U.S. at 678. In Bivens, the Supreme Court recognized an implied right of action for damages against a federal agent who, acting under "color of his authority," violated the plaintiff's constitutional rights. 403 U.S. at 389, 397. See also Nalls v. Bureau of Prisons of U.S., 359 F. App'x 99, 101 (11th Cir. 2009). While claims arising under Bivens are not coextensive with those arising under 42 U.S.C. § 1983, in Bivens actions, courts generally apply case law interpreting § 1983. See, e.g., Solliday v. Fed. Officers, 413 F. App'x 206, 209 (11th Cir. 2011).

To state a claim under § 1983, a plaintiff must allege "(1) both that the defendant deprived [him] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." See Bingham, 654 F.3d at 1175 (alteration in original). A claim for deliberate indifference to a serious illness or injury is cognizable under both § 1983 and Bivens. See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). See also Ziglar v. Abbasi, 137 S. Ct. 1843, 1855 (2017) (explaining the Supreme Court, since Bivens, has extended "an implied damages action" only twice, including in the context of deliberate indifference to a federal prisoner's serious medical needs) (citing Carlson v. Green, 446 U.S. 14, 16-17 (1980)). However, to

4

state a cause of action, a plaintiff must "allege that the prison official, at a minimum, acted with a state of mind that constituted deliberate indifference." Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (describing the three components of deliberate indifference as "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence").

When prison physicians provide medical care for prisoners, "federal courts are generally reluctant to second guess [their] medical judgments." Hamm v. DeKalb Cty., 774 F.2d 1567, 1575 (11th Cir. 1985). As such, allegations of medical negligence do not satisfy the stringent deliberate indifference standard. Estelle, 429 U.S. at 105-06. In other words, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." Id. at 106. See also Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) ("Medical treatment violates the [E]ighth [A]mendment only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'").

Plaintiff does not allege facts against any Defendant permitting the reasonable inference that the medical care he received was "so grossly incompetent . . . as to shock the conscience." See id. Importantly, Plaintiff acknowledges he has received medical care. His dissatisfaction with the care he

received does not entitle him to relief under the Eighth Amendment. At most, Plaintiff alleges Defendants Li and Henderson were negligent in attempting to remove a foreign object from his chest. Negligence, however, is not the equivalent of deliberate indifference. Estelle, 429 U.S. at 106.

Similarly, Plaintiff's assertion that Defendant Miranda forgot about his need for medical attention speaks to negligence. Plaintiff alleges no facts suggesting Defendant Miranda intentionally ignored Plaintiff's medical condition with a state of mind constituting deliberate indifference as that phrase is interpreted under Eighth Amendment jurisprudence. And to the extent Plaintiff says he was denied pain medication, he does not attribute any such allegation to the named Defendants, nor does he allege pain medication was prescribed or recommended and intentionally denied for the purpose of causing him pain.

Finally, it appears Plaintiff names the medical department simply because medical employees allegedly harmed him. Even if Plaintiff had alleged conduct by the individual Defendants that amounted to deliberate indifference, such a theory of liability against the medical department fails. Under Bivens, as under § 1983, "supervisory officials are not liable . . . for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Solliday, 413 F. App'x at 209. See also Cottone v. Jenne, 326 F.3d 1352, 1360 (11th

6

Cir. 2003) (internal quotation marks and citation omitted) ("It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability.").

Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 3rd day of June 2020.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:   Willie Waters